David B. TURNER, Jr., Plaintiff–Appellant,

v.

CITY OF SAN DIEGO POLICE DEPARTMENT; et al., Defendants–Appellees.

No. 14–55964.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 29, 2015.

David B. Turner, Jr., San Diego, CA, pro se.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

David B. Turner, Jr. appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his arrest and detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any basis supported by the record. *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir.2011). We affirm in part, reverse in part, and remand.

The district court dismissed Turner's action as duplicative of Turner's action in *Turner v. San Diego Central Jail,* No. 3:13–cv–0113–WQH–BGS (*"Turner I "*). However, Turner's claims based on events occurring on March 20, 2013 did not involve the same claims or the same parties as *Turner I. See Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684, 688–89 (9th Cir.2007) (setting forth standard of review and explaining that in determining whether a later-filed action is duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privities to the action, are the same"), *abrogated on other grounds by Taylor v. Sturgell,* 553 U.S. 880, 904, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). We reverse the district court's judgment and remand for further proceedings as to these March 20, 2013 claims only.

To the extent that Turner raises his claims against the City of San Diego and the San Diego Police Department, dismissal of these defendants was proper because Turner failed to allege that his constitu-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tional rights were violated pursuant to a policy or custom of the City or the police department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir.2000) ("To hold a police department liable for the actions of its officers, the [plaintiff] must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy.").

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.